**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4904**

---

UNITED STATES OF AMERICA,

                            Plaintiff - Appellee,

    versus

QUENTIN COLEMAN,

                            Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Frederick P. Stamp, Jr., District Judge.  (CR-03-28)

---

Submitted:  June 18, 2004          Decided:  July 13, 2004

---

Before MOTZ, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

L. Richard Walker, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Quentin Coleman appeals from the judgment of the district court convicting him of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922, 924 (2000). Finding no error, we affirm.

Coleman's sole claim on appeal is that the district court erred in denying his motion to suppress. Because this claim involves mixed questions of fact and law, this court reviews the factual findings of the district court for clear error and the legal conclusions drawn from the facts de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Gerant, 995 F.2d 505, 508 (4th Cir. 1993).

Coleman claims that Patrolman Charles Kittle of the Martinsburg, West Virginia, Police Department, lacked a reasonable, articulable suspicion to detain him pending his investigation of a suspected firearms crime. See Terry v. Ohio, 392 U.S. 1, 30 (1968). Whether there is reasonable suspicion depends on the totality of the circumstances, including the information known to the officer and any reasonable inferences to be drawn from that information at the time of the stop. See United States v. Crittendon, 883 F.2d 326, 328 (4th Cir. 1989).

Kittle received a report that three men were carrying rifles in the CSX train yards. At the time Kittle seized Coleman, Kittle knew that Coleman was thirty yards from the CSX tracks and

was walking away from the tracks carrying a bag large enough to carry a shotgun.  Further, Coleman falsely denied having come from the tracks and also claimed to be walking away from a street that, in fact, Kittle had observed him walking toward.  In addition, Coleman was known to Kittle as an individual who carried weapons in the past.  Given these circumstances, we conclude that Kittle's decision to detain Coleman for a brief investigation was justified.[*]

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Because Coleman's abandonment of the bag occurred after Kittle seized him, the abandonment is not relevant to the reasonable suspicion analysis or to the question of whether Coleman had a privacy interest in the bag.